**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-10574

MOHAMMED AL-HARAZI,
dba Arabian Catering Co.,

Plaintiff-Appellant,

VERSUS

YEMEN EXPLORATION AND PRODUCTION CO.,
a partnership,

Defendant-Appellee,

YEMEN HUNT OIL CO.,
a Delaware Corporation,

Defendant-Appellee,

EXXON YEMEN INC.,
a Delaware Corporation,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
Dallas Division

(3:97-CV-1921-L)

January 25, 2001

Before SMITH and DENNIS, Circuit Judges, and ROETTGER[*], District

---

[*] District Judge of the Southern District of Florida, sitting by
designation.

Judge.

PER CURIAM:[**]

Mohammed Al-Harazi, d/b/a Arabian Catering Co., ("Al-Harazi") brought this suit against Yemen Exploration and Production Co., Yemen Hunt Oil Co., and Exxon Yemen Inc. (collectively, "YEPC"), seeking damages for breach of contract and fraud by defendants in their failure to perform obligations under a contract whereby Al-Harazi provided them with catering and camp services during 1995 ("the 1995 contract"). Al-Harazi claimed that the defendants forced or fraudulently induced him to employ more employees than reasonably necessary as anticipated in his bid for the contract, and that YEPC was required to compensate and reimburse him for the excessive wage expenses. Al-Harazi proffered testimonial and documentary evidence regarding the performance of the defendants' 1997 contract with Sodexho, the succeeding camp and catering contractor, to demonstrate by comparison YEPC's fraud and intentional breach of its obligation to compensate or reimburse Al-Harazi for all labor costs under the 1995 contract.

YEPC succeeded in excluding all evidence related to the 1997 contract by a motion in limine. At the close of Al-Harazi's case-in-chief at trial, the district court granted YEPC's motion for judgment as a matter of law ("JMOL") and dismissed Al-Harazi's

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

breach of contract and fraudulent inducement claims.  The jury returned a verdict for YEPC on the remaining claims, and the district court entered a take-nothing judgment against Al-Harazi. Al-Harazi appeals, contending that the district court erred in excluding the evidence related to the 1997 contract and in granting the defendants' JMOL.

In granting YEPC's motion in limine, the district court found that the 1997 and 1995 contracts were not materially similar, and that the 1997 contract between YEPC and Sodexho was, therefore, of little probative value in determining the intention of YEPC and Al-Harazi regarding the 1995 contract.  The district court found, moreover, that the introduction of the 1997 contract would pose a substantial risk of jury confusion.  The 1995 contract required Al-Harazi to "retain all Yemeni nationals employed by the previous catering contractor[.]"  The 1997 contract, by contrast, merely required the contractor to "retain a cost effective staff of Yemeni nationals[.]"  Al-Harazi failed to demonstrate that the district court abused its discretion in ruling that the slight probative value, if any, of the 1997 YEPC-Sodexho contract was outweighed by the risk of jury confusion that could result from the introduction of a different contract, involving a different contractor, concerning a different contract year.  See Smith v. Isuzu Motors Ltd., 137 F.3d 859, 861 (5th Cir. 1998) ("We review the district court's rulings for abuse of discretion."); Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 357-58 (5th Cir. 1995) (finding

3

no abuse of discretion in district court's relevance ruling where excluded evidence bore only a "tenuous relationship" to the complained-of acts).

Pursuant to a de novo review, we find no error in the district court's grant of JMOL regarding Al-Harazi's fraudulent inducement claim.  See Sobley v. Southern Natural Gas Co., 210 F.3d 561, 563-64 (5th Cir. 2000) ("We review de novo the trial court's decision to grant judgment as a matter of law applying the same standards the trial court used, and will affirm unless the material evidence is such that reasonable persons could find for the [non-movant]."). To prove fraudulent inducement, Al-Harazi had to present evidence from which a reasonable trier of fact could find or infer that a knowingly false misrepresentation of material fact was made by YEPC, that Al-Harazi relied on that misrepresentation, and that the reliance on the misrepresentation led to damages.  See Formosa Plastics Corp. v. Presidio Engineers & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1997).  Although "[a] promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made[,] ... the mere failure to perform a contract is not evidence of fraud."  Id. at 48.  Al-Harazi failed to present evidence that YEPC made a misrepresentation of fact or of its intention to perform its obligations under the 1995 contract.  Moreover, the jury found that YEPC in fact did not fail to perform its obligations under the contract and that Al-Harazi therefore

4

incurred no damages, and this finding is not challenged on this appeal. Consequently, we agree with the district court that YEPC was entitled to judgment as a matter of law on the issue of fraudulent inducement.

For the foregoing reasons, we AFFIRM the district court's judgment.